**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAR 13 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

RENARD PONGRAC,

        Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

Civil No. 12-3131 (MAS)

**OPINION**

**APPEARANCES:**

    RENARD PONGRAC, Plaintiff pro se
    372 Saint Thomas Drive
    Toms River, New Jersey 08757

**SHIPP**, District Judge

    Plaintiff, Renard Pongrac, a state inmate confined at the Southern State Correctional Facility in Delmont, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state

a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint may proceed in part at this time.

## I.  BACKGROUND

Plaintiff, Renard Pongrac ("Pongrac" or "Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the New Jersey Department of Corrections ("NJDOC"), the Central Reception & Assignment Facility ("CRAF"), and the CRAF Medical Department. (Complaint, Caption, ¶¶ 2, 3). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, for ten days while he was confined at CRAF, the medical staff denied Plaintiff insulin for care of his diabetes. Plaintiff states that he is a diabetic who has been receiving insulin for ten years. He alleges that he takes insulin two times each day. Plaintiff had been confined at the CRAF two years earlier and did receive insulin at that time. Plaintiff also received insulin daily while confined at the Monmouth County Jail before he was transferred to CRAF. However, when he requested insulin at CRAF, the medical department told Plaintiff that his medical records did not reflect that Plaintiff was diabetic. Plaintiff alleges that he continuously asked the medical department

2

to review his records from the time he was at CRAF two years ago. He also repeated his complaints of dizziness, blurred vision and inability to urinate. When Plaintiff complained to the housing officers, they allegedly told Plaintiff that he "would really being [sic] seeing the medical staff and it would hurt [Plaintiff] more than them." (Complaint, § C. Cause of Action, ¶¶ 1-8.)

Plaintiff seeks compensatory damages totaling $2.5 million from each defendant, and punitive damages of $2.5 million from each defendant. (Compl., § H. Request for Relief.)

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

3

plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P.* 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See id.* at 678-79; *see also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's

4

entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). *See also Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011); *Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, *Iqbal*, 556 U.S. at 679).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  ANALYSIS

A.  Claims Against the NJDOC and CRAF

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).

Consequently, the NJDOC, as an agency or department of the State of New Jersey, is immune from suit in this action, and the

6

Complaint must be dismissed with prejudice as against the NJDOC accordingly.

Moreover, the CRAF is not an entity cognizable as a "person" for the purposes of a § 1983 suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *see also Marsden v. Federal BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994). Therefore, Plaintiff's allegations against the CRAF likewise will be dismissed with prejudice.

B. <u>Denial of Medical Care Claim</u>

"The Eighth Amendment, which applies to the states by virtue of the Fourteenth Amendment, prohibits" punishments that are "cruel and unusual." *Jackson v. Danberg*, 594 F.3d 210, 216 (3d Cir. 2010). An Eighth Amendment claim includes an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The subjective component "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). "What is

7

necessary to establish an 'unnecessary and wanton infliction of pain,' ... varies according to the nature of the alleged constitutional violation." *Hudson*, 503 U.S. at 5 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)).

Where the claim is one alleging the failure to provide medical care, the core inquiry is whether the defendant's actions constituted "deliberate indifference" to an inmate's serious medical needs. *Estelle*, 429 U.S. at 104. Deliberate indifference is shown if a defendant "intentionally den[ies] or delay[s] access to medical care or intentionally interfere[es] with the treatment once prescribed." *Id.* at 104-05. Furthermore, deliberate indifference can be manifested by "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). Moreover, "[s]hort of absolute denial, if necessary medical treatment is ... delayed for non-medical reasons, a case of deliberate indifference has been made out." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)(alterations in original)(internal quotation marks and citation omitted). A medical need is serious if it "has been diagnosed by a physician as requiring treatment or ... so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotation marks and citation omitted). However, "[a]llegations of medical malpractice or mere

disagreement as to the proper medical treatment are insufficient to establish a constitutional violation." *Szemple v. Univ. of Med. & Dentistry*, No. 11-1376, 2011 U.S.App. LEXIS 22914, at *8, 2011 WL 5562668 (3d Cir. Nov. 16, 2011)(citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

Here, Plaintiff's allegations concerning his diagnosis of diabetes and need for daily insulin may be sufficient to show a serious medical need at this preliminary stage. At the very least, the allegations demonstrate a fact issue that would preclude summary dismissal at this time.

Moreover, Plaintiff's allegations that the CRAF medical staff defendants refused to provide him his prescribed insulin for ten days, together with their refusal to check his past medical records, may be sufficient to suggest deliberate indifference. Indeed, perusal of Plaintiff's past medical records allegedly would have shown Plaintiff's diabetes diagnosis and prescription for daily insulin. *See Estelle*, 429 U.S. at 104-05 (deliberate indifference is shown if a defendant "intentionally den[ies] or delay[s] access to medical care or intentionally interfere[es] with the treatment once prescribed."). Plaintiff further alleges that he began to suffer physical incapacities, such as dizziness, blurred vision and inability to urinate, that may have led to serious physical disabilities or life-threatening consequences. These persistent symptoms were made known to the CRAF medical staff

9

and they chose to ignore Plaintiff's medical complaints despite the potential of serious risk to Plaintiff's health, even if the lack of insulin occurred for a short duration of ten days. Therefore, this Court will allow this denial of medical care claim to proceed as against the CRAF medical staff at this time.

## IV. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against the named defendants, NJDOC and CRAF, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2). However, Plaintiff's Eighth Amendment denial of medical care claim will be allowed to proceed at this time as to the remaining defendants, CRAF medical staff. An appropriate order follows.

_____
MICHAEL A. SHIPP
United States District Judge

Dated: 3/12/13