UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENARD PONGRAC, : | |
| : | Civil Action No. 12-3131 (MAS) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | AND ORDER |
| NEW JERSEY DEPARTMENT OF : | |
| CORRECTIONS, et al., : | |
| : | |
| Defendants. : | |
| : | |

      This matter having been opened to the Court upon application by *pro se* Plaintiff Renard Pongrac ("Plaintiff") seeking the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e); and Plaintiff arguing that counsel should be appointed because he lacks legal knowledge; and Plaintiff further arguing that he has a strong case and requires the services of an attorney; and Plaintiff further arguing that due to his incarceration he does not have any money or assets to pay for an attorney; and the Court finding that pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel[;]" and the Court further finding that there is no right to counsel in a civil case (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)); and the Court further finding that under *Tabron* in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims' (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford

counsel on his or her own behalf (*Tabron*, 6 F.3d at 155-157); and the Court further finding that other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel (*Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58)); and the Court having considered Plaintiff's application; and the Court finding that no Answers have been filed in this case; and the Court further finding that, given the early stage of proceedings, "the factual and legal issues 'have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate'" (*Jenkins*, 2006 WL 2465414, at *1 (quoting *Chatterjee v. Philadelphia Federation of Teachers*, Nos. Civ. A. 99-4122, Civ. A. 99-4233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000))); and the Court further finding that even if It presumes that Plaintiff's case has "arguable merit in fact and law," the appointment of *pro bono* counsel at this juncture is not warranted (*Tabron*, 6 F.3d at 155); in this regard, the Court notes that Plaintiff has not provided the Court with any information concerning the complexity of the legal issues presented, Plaintiff's ability to present his case, the degree to which a factual investigation will be required, whether credibility determinations will play a significant role in the resolution of these claims or whether the case will require testimony from expert witnesses; and the Court further finding that Plaintiff may, in fact, lack the financial resources to pay for an attorney; however, the Court finds that this fact alone does not warrant the appointment of *pro bono* counsel, especially not at this early juncture; as such, the Court finds that, on balance, when the *Tabron* factors are considered in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time (*see Jenkins*, Civ. Action No 06-2027, 2006 WL

2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58), they do no warrant the appointment of counsel at this time; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 7th day of May, 2013,

ORDERED that Plaintiff's application for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE.

                                       <u>s/ Tonianne J. Bongiovanni</u>
                                       **HONORABLE TONIANNE J. BONGIOVANNI**
                                       **UNITED STATES MAGISTRATE JUDGE**