**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RENARD PONGRAC, | : | |
| Plaintiff, | : | Civil Action No. 12-3131 (MAS)(TJB) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**Shipp, District Judge:**

Plaintiff Renard Pongrac is proceeding with the instant Complaint pursuant to 42 U.S.C. §
1983, alleging that certain medical staff of the medical department at the Central Reception and
Assignment Facility ("Staff"), denied him proper medical care in violation of his Eighth
Amendment rights. The Court previously dismissed all claims in the Complaint except for the
aforementioned claims against Staff. (Order, Mar. 13, 2013, ECF No. 6) ("Prior Order").
Presently before the Court is a summary judgment motion filed by Staff, seeking final resolution
on all claims against them. (ECF No. 50.) Plaintiff did not file an opposition. For the reasons
stated below, the Court grants the motions, and grants summary judgment on all claims in favor
of Staff.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of this Opinion, the Court views all facts in the light most favorable to
Plaintiff, the non-moving party, and recites only the relevant facts. This case involves the medical
treatment Plaintiff received during his ten-day incarceration at the Central Reception and

Assignment Facility. (Compl. 5, ECF No. 1.) Plaintiff was granted *in forma pauperis* status, and

upon the Court's *sua sponte* screening authorized by 28 U.S.C. § 1915(e)(2), the Court dismissed

Defendants New Jersey Department of Corrections and Central Reception and Assignment Facility

for failure to state a claim upon which relief may be granted, but allowed Plaintiff's denial of

medical services claims against the Staff to proceed. (Prior Order 1-2.) After discovery, on

November 23, 2015, the Staff filed the instant motion. (ECF No. 50.) As of the date of this

Opinion, more than three months later, Plaintiff has not filed an opposition to the motion.

## II.    STANDARDS OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine

only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-

moving party," and it is material only if it has the ability to "affect the outcome of the suit under

governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson

v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts

will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a

motion for summary judgment, a district court may not make credibility determinations or engage

in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all

justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181,

191 (3d Cir. 2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004));

*Anderson*, 477 U.S. at 255; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There can be "no genuine [dispute] as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). While courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at summary judgment, a *pro se* plaintiff is not exempt from his burden of providing some affirmative *evidence*, *i.e.* not just mere allegations, to establish a prima facie case, and to show that there is a genuine

dispute for trial. *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Mitchell v. Gershen*, 466 F. App'x 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a *pro se* plaintiff for his failure to submit expert testimony in a denial of medical services suit); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

## III.  DISCUSSION

The Staff argues that all of Plaintiff's remaining claims fail because Plaintiff did not exhaust administrative remedies. Federal law requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to exhaust administrative remedies, a prisoner must properly pursue all administrative remedies to their end. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). To determine whether a prisoner has exhausted administrative remedies, the Court must evaluate a prisoner's compliance with the prison administrative regulations governing inmate grievances. *Id.* at 226-27. A prisoner must bring a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance. *Id.* at 227. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by [federal law], but by the prison grievance process itself." *Small v. Camden Cty.*, 728 F.3d 265, 272 (3d. Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). The Third

Circuit observed in *Nyhuis v. Reno*, however, that an inmate may satisfy § 1997e(a) through substantial compliance. 204 F.3d 65 (3d Cir. 2000). Plaintiff's denial of medical services claims are claims subject to the exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Fennell v. Cambria Cty. Prison*, 607 F. App'x 145, 149 (3d Cir. 2015).

Here, the Staff contends that Plaintiff never availed himself of the prison grievance system with regard to his denial of medical services claims. Evidence supports this contention. To begin, the Complaint itself notes that Plaintiff did not exhaust the grievance system within the prison. (Compl. 6.) Furthermore, during Plaintiff's deposition, he admitted he was told by other inmates that "filing a grievance, you're wasting your time and energy. It's not going to go anywhere." (Dep. of Pl. 166:11-12, Mar. 4, 2015, ECF No. 50-5.) Plaintiff further stated, "if five people tell you that, they're all telling you something. Sa[v]e your time, sue them in court, outside. That's what I had to do." (*Id.* at 166:14-16.) The Court interprets Plaintiff's testimony as an argument that exhaustion would have been futile. However, "[federal law] requires exhaustion of all remedies that are available to an inmate, and that exhaustion is not subject to a 'futility exception.'" *Gerholt v. Orr*, 624 F. App'x 799, 803 (3d Cir. 2015) (citing *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002) and *Nyhuis*, 204 F.3d at 71). As the Third Circuit explained, "[Plaintiff's] belief that he would not obtain any redress by following the prison's established grievance procedure does not provide us with a basis to excuse the exhaustion requirement." *Id.* Since Plaintiff did not file an opposition to the instant motion, he has not presented evidence to show that the Staff's assertion, that he failed to exhaust administrative remedies, is either incorrect or subject to dispute.

As such, the Court finds there is no genuine dispute of material fact that Plaintiff failed to satisfy

the exhaustion requirement under § 1997e(a), and grants summary judgment on all claims

remaining in the Complaint in favor of the Staff.

## IV.    CONCLUSION

For the reasons set forth above, the Staff's summary judgment motion is GRANTED, and

the Complaint is DISMISSED.[1]


_Michael A. Shipp, U.S.D.J._

**Michael A. Shipp, U.S.D.J.**

Dated:  3/24/16

---

[1]      As the Court is dismissing the Complaint, Defendants' motion to amend their answer, ECF No. 48, is dismissed as moot.